UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

        Plaintiff,

      - against -                   Civil No. _____

$25,462.00 in U.S. Currency,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Justin S. Herring, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1.     This is a civil forfeiture action against property involved in violations of Section(s) 18 U.S.C. § 2320, that is subject to forfeiture pursuant to 18 U.S.C. § 2323.

### THE DEFENDANTS IN REM

2.     The defendant is $25,462.00 in United States currency.

3.     The defendant property was seized on April 22, 2012, from 3729 McDowell Lane, Baltimore, Maryland, during the execution of a search warrant.

### JURISDICTION AND VENUE

4.     Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property.   This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over

this particular action under 18 U.S.C. § 2323.

5.    This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6.    Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7.    The defendant currency is subject to forfeiture pursuant to 18 U.S.C. § 2323 because it is:

(A) an article, the making of which is prohibited under section 2320 of title 18, United States Code;

(B) property used or intended to be used in any manner or part to commit or to facilitate the commission of an offense referred to in paragraph (A); and

(C) property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of an offense referred to in paragraph (A).

8.    This property was previously noticed as seized by Homeland Securities Investigations on May 22, 2012, as part of a seizure of $33,190.[1]

---

[1] The original, written seizure notice was made to Abass Baro, a co-defendant in this scheme and the listed lessee of the residence where the money was seized (3729 McDowell Lane, Baltimore, Maryland).   The government understands that Sakho Oumar claims that $25,462 of those seized funds is his property and seeks its return.

## FACTS

9.      The forfeiture is based upon, but not limited to, the evidence outlined in the attached

Declaration of Special Agent Marcell Hamlin which is incorporated herein by reference.


WHEREFORE, the plaintiff prays that all persons who reasonably appear to be potential claimants

with interests in the defendant property be cited to appear herein and answer the complaint; that the

defendant property be forfeited and condemned to the United States of America; that upon Final

Decree of Forfeiture, the United States Marshal dispose of the defendant property according to

law; and that the plaintiff have such other and further relief as this Court deems proper and just.

Dated:   May 5, 2014

                              Respectfully submitted,

                              Rod J. Rosenstein
                              United States Attorney


                    By:_____
                              Justin S. Herring
                              Assistant United States Attorney
                              36 South Charles Street
                              Fourth Floor
                              Baltimore, Maryland 21201
                              (410) 209-4800

## VERIFICATION

I Justin S. Herring, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that

the foregoing Complaint for Forfeiture *in rem* is based on reports and information furnished to me

by Special Agent Marcell Hamlin, and that everything contained therein is true and correct to the

best of my knowledge and belief.

_____
Assistant U.S. Attorney

4

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $25,462 in United States currency.

I, Marcell Hamlin, Special Agent with the Department of Homeland Security, Homeland Security Investigations (HSI), submit that there are sufficient facts to support a reasonable belief that the $25,462.00 in United States currency is

(A) an article, the making of which is prohibited under section 2320 of title 18, United States Code;

(B) property used or intended to be used in any manner or part to commit or to facilitate the commission of an offense referred to in paragraph (A); or

(C) property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of an offense referred to in paragraph (A);

and is thus subject to forfeiture pursuant to 18 U.S.C § 2323.

1.      On December 18, 2013, Sakho Oumar appeared before Judge Catherine Blake in the U.S. District Court of Maryland for re-arraignment and sentencing, where he pleaded guilty to violating 18 U.S.C § 2320 (Trafficking in Counterfeit Goods) and was sentenced to 18 months' probation. CCB-12-0218. That conviction arose from an investigation into the sale of counterfeit merchandise in and around Baltimore, Maryland. As described further below, in connection with this investigation, $25,462 was seized from 3729 McDowell Lane, Baltimore, Maryland during the execution of a federal search warrant on April 22, 2012.[1]

2.      Prior to the execution of that April 22 search warrant, Oumar was repeatedly surveilled selling counterfeit merchandise. Oumar operated as street vendor in numerous places

---

[1] Also searched that same day were several other locations, including 2951 Bero Road, Baltimore, and two storage units rented from Public Storage. BPG-12-1936 through 1938.

1

in and around the city of Baltimore, Maryland, and also sold counterfeit at the Patapsco Flea Market. Oumar sold counterfeit goods, to include purses and other items by luxury manufacturers such as Jimmy Choo, Gucci, Coach, Louis Vuitton, Dolce & Gabbana, Michael Kors, Prada, Nike and G-Shock. The counterfeit goods sold by SAKHO bore marks identical to and substantially indistinguishable from those of marks that were in use and registered for those goods on the principal register of the United States Patent and Trademark Office (USPTO). At no time did the victim companies authorize, ratify, or acquiesce to the use of their trademarks by the defendants, nor did any other person have the power to do so.

3.      On April 11, 2012, at a stand on the corner of Baltimore Street and Hanover Street in Baltimore, Maryland, Oumar was stopped by HSI agents for possessing and selling counterfeit goods. Oumar claimed to have been selling the counterfeit on behalf of a man named Mamadou Sow, but would not provide further information about Sow. Agents seized over 150 counterfeit purse and more than 100 other counterfeit products. The agents did not arrest Oumar, but advised him that selling counterfeit was illegal and that he need to stop.

4.      On April 22, 2012, HSI special agents executed a federal search and seizure warrant at the premises of 3729 McDowell Lane, Baltimore, Maryland. During the search, special agents seized counterfeit goods, such as counterfeit Gucci, Louis Vuitton, Michael Kors, Jimmy Choo and Coach handbags and other items from the premises.

5.      From a bedroom believed to belong to Oumar, agents seized $25,462.00 in cash found in a small black bag. The bedroom closet contained counterfeit, including approximately 75 handbags, 37 wallets, and 168 handbag labels. In other parts of the residence, investigators found a few hundred additional counterfeit items, such as glasses, boots, and counterfeit labels and emblems.

2

6.      Special Agent Daniel Baresh and others interviewed Oumar, after Oumar waived his *Miranda* rights in writing. He stated that he moved to Maryland approximately a year and a half earlier, after he found it difficult to make a living in New York. He further claimed that he started selling counterfeit handbags and other counterfeit products approximately one year earlier. Although Oumar claimed he had not known the handbags were counterfeit until he was stopped by police on April 11, 2014, he admitted that he continued to sell counterfeit merchandise at the Patapsco Flea Market as recently as April 21, 2014 (the day before the interview).

7.      When questioned about the location of his counterfeit inventory, Oumar admitted that the handbags and other items found in the house were counterfeit. He also admitted that he and a co-defendant, Abass Baro, rented a storage locker near the Patapsco Flea Market to store counterfeit merchandise. That storage locker – which was simultaneously searched by other agents – contained several hundred additional counterfeit items. Oumar claimed that he worked for a man named Malik Dem, but that Dem had been in Africa for the past four months. Oumar admitted that he purchased counterfeit both from a vendor in China and from others who sold counterfeit at the Patapsco Flea Market.

8.      Oumar estimated that he made approximately $200 to $300 per day, although he had made up to $1,000 in a day selling counterfeit merchandise.

9.      Wage and employment checks for Oumar were conducted in April 2012 and again in April 2014. No wage history was found in any state.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. § 1746 THAT THE FACTS SUBMITTED BY THE HOMELAND SECURITY INVESTIGATIONS,

IN REFERENCE TO THE SEIZURE OF $25,462.00 U.S. CURRENCY FROM OUMAR

SAKHO ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE,

INFORMATION AND BELIEF.

Marcell Hamlin
Special Agent
Homeland Security Investigations

4

## MEMORANDUM

DATE:        May 8, 2014

TO:          Paula M. Rigby / Julie Bedenbaugh
             Department of Homeland Security
             U.S. Customs & Border Protection

FROM:        Jennifer Stubbs
             Paralegal
             U.S. Attorney's Office - District of Maryland

RE:          **U.S. v. $25,462.00 in U.S. Currency**

             Civil Action No.

             **CATS ID No.**
             **Agency Case No.  2012-1303-000787-01**

The United States has filed a forfeiture action against **$25,462.00 in U.S. Currency.**   A copy of the Complaint for Forfeiture is attached.

Notice of this seizure will be published at www.forfeiture.gov pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

Thank you.

Attachment

## Department of Homeland Security
*Federal Law Enforcement Agencies*
## PROCESS RECEIPT AND RETURN

| PLAINTIFF<br>UNITED STATES OF AMERICA | COURT CASE NUMBER |
|---|---|
| DEFENDANT<br>**$25,462.00 in U.S. Currency** | TYPE OF PROCESS<br>Verified Complaint in Rem |

| SERVE AT | Name Of Individual, Company, Corporation, Etc. to Serve or Description of Property to Seize<br>*2012-1303-000787-01/* |
|---|---|
| | Address (Street or RFD / Apt. # / City, State, and Zip Code) |

| Send NOTICE OF SERVICE copy to Requester:<br><br>Jennifer Stubbs, Paralegal<br>U.S. Attorney's Office<br>36 S. Charles Street, 4th floor<br>Baltimore, Maryland  21201 | Number Of Process To Be Served In This Case. | |
|---|---|---|
| | Number Of Parties To Be Served In This Case. | |
| | Check Box If Service Is On USA | |

SPECIAL INSTRUCTIONS or OTHER INFORMATION TO ASSIST IN EXPEDITING SERVICE (includes Business and Alternate Addresses, Phone Numbers, and Estimated Availability times.)

Arrest property.  Fill in the date of arrest in this process receipt and return our copy.

| Signature of Attorney or other Originator requesting service on behalf of [ X ]Plaintiff<br>[  ]Defendant | Telephone No.<br>(410) 209-4800 | Date<br>May 8, 2014 |
|---|---|---|
| SIGNATURE OF PERSON ACCEPTING PROCESS: | | Date |

### SPACE BELOW FOR USE OF TREASURY LAW ENFORCEMENT AGENCY

| I acknowledge receipt for the Total # of Process Indicated. | District of Origin No. | District to Serve No. | SIGNATURE OF AUTHORIZED TREASURY AGENCY OFFICER: | Date |
|---|---|---|---|---|

I hereby Certify and Return That I [  ] PERSONALLY SERVED, [  ] HAVE LEGAL EVIDENCE OF SERVICE, [  ] HAVE EXECUTED AS SHOWN IN "REMARKS", the Process Described on the Individual, Company, Corporation, Etc., At The Address Shown Above or at the Address Inserted Below.

[  ] I HEREBY CERTIFY AND RETURN THAT I AM UNABLE TO LOCATE THE INDIVIDUAL, COMPANY, CORPORATION, ETC. NAMED ABOVE.

| NAME & TITLE of Individual Served If not shown above: | [  ] A Person of suitable age and discretion then residing in the                     defendant's usual place of abode. | | |
|---|---|---|---|
| ADDRESS: (Complete only if different than shown above.) | Date of Service | Time of Service           [  ] AM<br>                              [  ] PM | |
| | Signature, Title and Treasury Agency | | |

REMARKS:

TD F 90-22.48 (6/96)

*Make (5) copies after form is signed.  SEND ORIGINAL + 4 COPIES to TREASURY AGENCY.  Retain Copy #5 for your file.*